IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ricky A. Jennings, | ) C/A No.: 2:14-cv-3439-RMG-WWD |
| | ) |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| v. | ) |
| | ) |
| Solicitor Jimmy Richardson, Dep. Solicitor Alicia Richardson, and Georgetown Co. Solicitors Office, | ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Ricky A. Jennings ("Plaintiff" or "Jennings"), proceeding pro se and in forma pauperis, brings this civil action against a Georgetown County solicitor and assistant solicitor, as well as against the Georgetown County Solicitor's Office. Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, for the reasons stated below.

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to

commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke, 490 U.S. 319.

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

As noted above, Plaintiff filed the instant suit against the Georgetown County Solicitor's Office, as well as the Georgetown County solicitor and an assistant solicitor. He states in his Complaint that he seeks to litigate "[m]edical negligence resulting in severe pain and suffering." (Dkt. No. 1 at 2 of 7.)

Plaintiff alleges that Defendants are "maliciously obstructing [his] medical care for the purpose of using pain and suffering as an instrument to coerce [Plaintiff] into pleading guilty" to a crime he "did not commit." (Dkt. No. 1 at 3 of 7.) Plaintiff contends that, after "intercepting" his outgoing civil suit "against them, Charleston Co." took Plaintiff "out of its infirmary and placed [Plaintiff] in a disciplinary unit," where Plaintiff was "denied medicines and medical treatment." (Id.)[1] Plaintiff asserts he was then "immediately transferred to the segregation unit" at Georgetown County Detention Center." (Id.) Plaintiff states,

> Georgetown Co. is a co-prosecutor in my case is but an extension of Disciplinary of Charleston Co. being grossly inadequate to have someone of my severe disability. They are short staffed leaving my care unmonitored.

(Id.)

Plaintiff complains about his medical treatment at the Georgetown County Detention Cente, asserting that "[t]hey have rejected [his] requests that they follow the prescriptions of physicians at both Grand Strand and MUSC Hospitals." (Id. at 4 of 7.) According to Plaintiff, he is unable to complete physical therapy, necessary for him to regain the ability to walk, because he is locked in his cell 22-23 hours per day. (Id.) Plaintiff also alleges that due to his internal injuries, he "find[s] it difficult to process [his] bodily wastes," but is offered "no diet more digestible for someone in [his] medical condition." (Id.) Plaintiff states,

> My only options for survival are colostomy surgery which they will not provide or to eat only 2 or 3 days a week. Therefore, I eat only 2 to 3 days a week. I eat and then allow 2 days for my meal to digest and exit. Then I eat again.

(Id.) He also complains about the lack of treatment for an "open ulcer." (See Dkt. No. 1 at

---

[1] The "civil suit" to which Plaintiff is referring is Jennings v. Charleston Co. Sheriff Dept., et al., Civ. A. No. 2:14-cv-929-RMG-WWD, which is currently pending.

3

4-5 of 7.)

Plaintiff alleges that his family "[r]ecently" came from out of town to visit him but was turned away; he alleges his attorney "has made [Plaintiff's] medical concerns known to the solicitors."

(Id. at 5 of 7.) Plaintiff states,

> [My attorney] has requested that a reasonable plea be worked out or a P.R. bond releasing me to a federal detainer. This would allow me to receive proper medical attention while this case awaits trial. The Solicitor's Office has firmly resisted any remedy except that I plead to assault and battery 1st a charge that would severely damage my civil suit [and] one also in which I am not guilty. . . . The Solicitor and Deputy Solicitor are fully aware of . . . the unacceptable medical conditions of the Georgetown Det. Ctr. As coprosecutor with Charleston Co., they like Charleston Co. are also withholding medicines and medical treatment. The results being done to secure a guilty plea to assault and battery 1st a charge in which the sole purpose is to undermine case 2:14-cv-929-RMG . . . ."

(Id. at 5-6 of 7.)

In the "Relief" section of his Complaint, Plaintiff states that he seeks monetary damages. (Id. at 7 of 7.)

## DISCUSSION

Plaintiff's suit–for monetary damages against two Georgetown County solicitors and the Georgetown County Solicitor's Office–should be summarily dismissed. Solicitor Jimmy Richardson and Deputy Solicitor Alicia Richardson are prosecutors and are immune from Plaintiff's claim for monetary damages. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); Imbler v. Pachtman, 424 U.S.

4

409, 430 (1976) (stating that a prosecutor has immunity for performing functions "intimately associated with the judicial phase of the criminal process"); Nivens v. Gilchrist, 444 F.3d 237, 249-50 (4th Cir. 2006); Dababnah v. Keller-Burnside, 208 F.3d 467, 470 (4th Cir. 2000) ("[T]he issuance of the court order in this case was 'unquestionably a judicial act.' Thus, Keller-Burnside's appearance in court seeking this order is presumed to be protected by absolute immunity."); see also Redden v. McMaster, Civ. A. No. 8:08-2845-CMC-BHH, 2008 WL 4458877, at *3 (D.S.C. Sept. 29, 2008) ("Prosecutors-such as Solicitor Gowdy, Assistant Solicitor Morin, and the unnamed Assistant Solicitor in Horry County-have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial 'motions' hearings.").

Plaintiff's claim against Defendant Georgetown County Solicitor's Office also fails. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Given that Defendant Georgetown County Solicitor's Office is either a building or a facility, it is not amenable to suit pursuant to § 1983. See Allison v. Cal. Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); see also Cave v. Morgan, Civ. A. No. 0:09-56-HFF-PJG, 2009 WL 982196, at *3 (D.S.C. Apr. 9, 2009) ("The 'Aiken County Second Circuit Solicitor's Office' is not a 'person' within the meaning of § 1983."). In any

event, as noted above, because solicitors are entitled to immunity for activities in or connected with judicial proceedings, Plaintiff's claim against the Georgetown County Solicitor's Office similarly fails. See, e.g., Rhodes v. Seventh Circuit Solicitors Office, Civ. A. No. 9:09-1863-JFA-BM, 2009 WL 2588487, at *3 (D.S.C. Aug. 19, 2009) ("Even if the . . . Solicitor's Office could be construed as [a] 'person[]' under § 1983, . . . the Seventh Circuit Solicitor's Office would be entitled to prosecutorial immunity, as would any individual Solicitor or Assistant Solicitor within that office."). The undersigned therefore recommends dismissing Plaintiff's Complaint.

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

October 22, 2014
Charleston, South Carolina

6

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).