IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky A. Jennings, ) | No. 2:14-cv-3439-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| Solicitor Jimmy Richardson, Dep. Solicitor ) Alicia Richardson, and Georgetown Co. ) Solicitors Office, ) | |
| Defendants. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 17), recommending that this action be summarily dismissed without prejudice and without issuance of service. Plaintiff has not filed objections to the R & R. For the reasons stated below, the Court the adopts the R & R only in part.

### I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. *See, e.g., Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) ("[A] complaint, especially a pro se complaint, should not be dismissed summarily unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief ....") (internal quotations omitted). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## II. Discussion

Plaintiff has sued the Georgetown County solicitor, an assistant solicitor as well as the Georgetown County solicitor's office, complaining about his medical treatment at the Georgetown County Detention Center. (Dkt. No. 1). Plaintiff alleges that Defendants are "maliciously obstructing [his] medical care for the purpose of using pain and suffering as an instrument to coerce [him] into pleading guilty." (*Id.* at 3). Plaintiff has alleged that he has been

2

denied medical care, medications and physical therapy ordered by outside physicians and that as a result of untreated internal injuries, he can only eat 2-3 days a week. (Dkt. No. 1 at 4-5).

The Court disagrees with the Magistrate Judge that a prosecutor is immune from suit for such actions. *See Rouse v. Stacy*, 478 F. App'x 945, 951-54 (6th Cir. 2012) (prosecutor not immune from suit alleging that prosecutor ordered a pretrial detainee in custody beaten in order to either coerce detainee into pleading guilty or to punish detainee for not pleading guilty); *Doe v. Phillips*, 81 F.3d 1204, 1210 (2d. Cir. 1996) (prosecutor not immune from suit where prosecutor demanded the accused swear to her innocence on a bible in church as a condition to dropping charges because the action "was manifestly beyond his authority").

"[A] prosecutor's plea bargaining activities, regardless of motive, warrant absolute immunity." *Rouse*, 478 F. App'x at 951. However, "merely attaching the label of 'plea bargaining' to a prosecutor's actions does not by itself end the immunity inquiry." *Id.* Where a prosecutor "proceeds in the clear absence of all jurisdiction" or "acts without any colorable claim of authority, he loses the absolute immunity he would otherwise enjoy." *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (holding judicial immunity does not apply when a judge "has acted in the clear absence of all jurisdiction") (internal quotes omitted).

Thus, even if a prosecutor's actions are "related" to plea bargaining, if "by any objective view of the matter," the prosecutor "was not acting within the legitimate scope of his prosecutorial authority or jurisdiction in [taking an action, he]... has no valid claim to prosecutorial immunity." *Rouse*, 478 F. App'x at 953. For example, though "related" to plea bargaining, a prosecutor may not, with impunity, "couple a threat of prosecution with . . .

3

demands for bribes or sexual favors" or "beat[] [an accused's] wife, kidnap[] his children, or burn[] a cross on his lawn" to influence the outcome of plea negotiations. *Id.* at 953, 954.

Here, taking Plaintiff's allegations as true, as the Court must, "it can hardly be asserted that [the] charged actions were within the scope of prosecutorial duties." *Price v. Moody*, 667 F.2d 676, 678 (8th Cir. 1982). Where a prosecutor orders that a detainee be denied needed medical treatment, she acts "in the clear absence of all jurisdiction." "The fact that [the prosecutor] may lack state statutory authority over [state] jails is not dispositive of the section 1983 claim if [the prosecutor] ordered [plaintiff] to be mistreated and if the mistreatment occurred as a result of his orders."[1] *Id.* (reversing district court's ruling that prosecutor was entitled to prosecutorial immunity). Therefore, the Court declines to adopt this portion of the R & R.

The Court agrees with the Magistrate Judge that the Georgetown Co. Solicitors Office is not a person amendable to suit under Section 1983. Therefore, the Court dismisses the action against this office.

### III. Conclusion

For the reasons stated above, the Court adopts the R & R only in part. The Court adopts all portions of the R & R, except for its discussion on prosecutorial immunity. Accordingly, Plaintiff's claims against the Georgetown Co. Solicitors Office are DISMISSED without prejudice and without issuance and service of process. This matter is recommitted to the Magistrate Judge for further proceedings.

---

[1] Whether Plaintiff has any evidence to support his claims is a matter for summary judgment.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

December 10, 2014
Charleston, South Carolina